UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CHARLES NATOLI, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-01242-AGF |
| DEAN KELLY, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On December 14, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (Docket No. 13). The Court dismissed plaintiff's claims against defendant John Lynch. However, the Court directed the Clerk of Court to issue process on defendant Dean Kelly in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

Service was attempted by the United States Marshals Service (USMS) at Kelly's alleged place of employment. On January 13, 2021, the summons was returned unexecuted, with the notation that Phelps County Jail does not employ a nurse named Dean Kelly, and that Dean Kelly was not an employee at the Phelps County Jail. (Docket No. 16).

In cases where a pro se litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the USMS. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Once an in forma pauperis plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id*. However, it is plaintiff's responsibility to provide the information necessary for service on the

defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (affirming dismissal of defendants for whom plaintiff did not "provide proper addresses for service"). *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

In this case, plaintiff identified Dean Kelly as a nurse who worked at the Phelps County Jail. (Docket No. 1 at 2). The Court directed the USMS to issues process on Kelly at that location. The USMS attempted to effectuate summons there but was advised that Kelly was not employed by the Phelps County Jail and that the jail did not have a nurse by that name.

As noted above, an in forma pauperis litigant is entitled to rely on service by the USMS. To that end, the USMS has attempted to serve defendant Kelly at the Phelps County Jail, the alleged place of her employment, only to be advised that the jail did not employ a nurse by that name.

Plaintiff bears the responsibility of providing adequate information so that Kelly can be served. If plaintiff cannot provide **additional** information regarding Kelly to effectuate service, she will be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff will be given thirty days to comply. Failure to comply will result in the dismissal of defendant Kelly without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days** of the date of this order, plaintiff shall provide adequate information with which to serve defendant Dean Kelly.

**IT IS FURTHER ORDERED** that plaintiff's failure to provide adequate information as to defendant Dean Kelly within **thirty (30) days** will result in her dismissal from this case without prejudice and without further notice.

Dated this 22nd day of January 2021.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE