**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL CHARLES NATOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01242-AGF |
| | ) | |
| DEAN KELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a document titled "Motion for Change of Judge" filed by plaintiff Michael Charles Natoli. (Docket No. 11). In the motion, plaintiff states that this Court sentenced him in a criminal case on March 9, 2020, in *United States v. Miller, et al.*, No. 4:17-cr-593-2-AGF (E.D. Mo.). Subsequently, plaintiff filed a civil action pursuant to 42 U.S.C. § 1983 that was also assigned to this Court. Because the Court previously sentenced plaintiff and presided over his criminal case, he seeks a change of judge.

The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). *See also* 28 U.S.C. § 455. The disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). A judge is presumed to be impartial, meaning that the party that seeks recusal bears a substantial burden of proving otherwise. *Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007). Moreover, "an unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal." *Moran v. Clarke*, 296 F.3d 638, 649 (8th

Cir. 2002). *See also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal").

In this case, the only allegation presented by plaintiff warranting recusal is the fact that the Court acted as "the sentencing judge that [presided] over" plaintiff's criminal case. This is insufficient to call into question the Court's impartiality. Indeed, plaintiff appears to rely solely on the fact that he was previously before the Court on a separate case, without any further factual support. For example, plaintiff does not point to any prior ruling or his sentence as being inappropriate. Even if he had mentioned an adverse ruling or judgment, such a ruling does not raise an inference of bias or require recusal. Furthermore, plaintiff has not alleged that the Court, due to presiding over plaintiff's criminal case, has any "personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455. Because plaintiff has not carried his burden of showing partiality, bias, or prejudice, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Change of Judge" (Docket No. 11) is **DENIED**.

Dated this 21st day of April 2021.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE