UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES NATOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20-cv-01242-AGF |
| vs. | ) | |
| | ) | |
| DIONNE KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to compel answers to interrogatories. Doc. 63. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff Charles Natoli filed this prisoner civil rights case under 42 U.S.C § 1983 asserting that Defendant Dionne Kelley, a nurse at the Phelps County Jail, showed deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that he was diagnosed with prostate cancer in December 2018 and that Nurse Kelley failed to arrange for his treatment and surgery in the 20 months that followed his diagnosis, causing pain and further exacerbation of his condition. Plaintiff also alleges that Nurse Kelley refused to provide him medical burn cream for third-degree burns.

By the present motion, Plaintiff seeks to compel answers to his interrogatories requesting identification of:

1. Any and all documents relating to the Phelps County Jail medical department's policies and procedures generally (No. 12), and specifically concerning admissions

(No. 11), the admittance and treatment of prisoners/patients with cancer (No. 13), and staff training and education (No. 14);

2. Any and all documents relating to any complaint, grievance, criticism, censure, reprimand, or rebuke directed toward Defendant Kelly before or after the incident giving rise to Plaintiff's claim (No. 16); and

3. Any previous federal civil rights lawsuits in which Defendant Kelly was named as a party, including the date and venue of such litigation (No. 19).

Defendant Kelley objected to these interrogatories as exceeding the 25 allowed under Fed. R. Civ. P. 33(a). She further responded that she is not in possession of Phelps County Jail policies and procedures, which Plaintiff should request directly from the jail, and that Plaintiff's queries about other grievances and lawsuits are vague, overbroad, unduly burdensome, irrelevant, confidential, and disproportional to the needs of the case. Doc. 63 at 11-13.

**DISCUSSION**

**Legal Standards**

In order to prove his Eighth Amendment claim, Plaintiff must show that (1) he suffered from an objectively serious medical need and (2) Defendant had actual knowledge of that need but deliberately disregarded it. *Hancock v. Arnott*, 21-1954, 2022 WL 2347385, at *2 (8th Cir. June 30, 2022) (affirming summary judgment where jail delayed elective hernia repair surgery until inmate could pay for it).

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing that its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Bell v. Lombardi*, 4:14-CV-0027 CEJ, 2015 WL 402084, at *1 (E.D. Mo. Jan. 28, 2015). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. *Id*.

**Analysis**

Excessive Interrogatories

First, apparently counting each item requested within each interrogatory, Defendant claims that Plaintiff's first set of interrogatories contains over 50 subparts, and she objects to the interrogatories at issue here as they exceed the limit of 25 under Rule 33(a). The Court has reviewed Plaintiff's first set of interrogatories but does not agree with Defendant's characterization. For example, Interrogatory No. 3 solicits the names and contact information of potential witnesses and their specific knowledge of events. Doc. 63 at 8. Interrogatory No. 7 solicits imaging of Plaintiff's injuries along with the date, recorder, description, and custodian. *Id*. at 10. These subjects are logically related and combined into one interrogatory. Conversely, Plaintiff's four separate interrogatories regarding jail policies and procedures could have been combined into a single interrogatory with subparts.

Pro se plaintiffs should be afforded some leeway in the format of their interrogatories, and the Court finds no flagrant or abusive violation of Rule 33 in Plaintiff's submission. *Price v. Larkins*, 4:10CV1738 AGF, 2011 WL 2416383, at *2 (E.D. Mo. June 13, 2011). As such, the Court will deny Plaintiff's motion on this basis.

Jail Policies and Procedures (Interrogatories No. 11-14)

Plaintiff contends that documents related to the jail's medical department policies, procedures, and staff training are relevant to the question of whether Nurse Kelley followed applicable rules when managing Plaintiff's care. Doc. 66 at 8. Defendant objects because she is not an employee of the jail and does not possess these documents; rather, Plaintiff should obtain them directly from the jail. The record reflects that Plaintiff later subpoenaed the Phelps County Sheriff's Department for the documents in question. Docs. 56, 59. In response to the subpoena, Phelps County directed Plaintiff to request the documents from Defendant's employer, Advanced Correctional Healthcare (ACH), on whom Plaintiff had served a separate subpoena. Doc. 66 at 6; Doc. 58. ACH responded to that subpoena with written objections by the same law firm representing Defendant. Doc. 66 at 7.

The Court is unaware whether the documents have since been provided to Plaintiff. To the extent the documents requested were not produced by ACH, Plaintiff's recourse is to file a motion for an order compelling production or inspection. Fed. R. Civ. P. Rule 45(d)(2)(B)(i). Given that Defendant's counsel also represents ACH and has significant experience in these cases, presumably Defendant and the subpoenaed parties are able to work together to identify the responsive documents in their collective custody and ensure the fair flow of information to Plaintiff. Defendant's counsel, as an officer of the Court, is requested to facilitate that process and is directed to file a status report describing any materials provided.

Complaints and Grievances (Interrogatories No. 16 and 19)

Additionally, Plaintiff seeks any internal complaints, grievances, or reprimands of Defendant (No. 16) and a list of any civil rights lawsuits naming her as a party (No. 19). Plaintiff's queries contain no limitations in time or scope. Defendant objects, arguing that these requests are overbroad, burdensome, irrelevant, confidential, and disproportional to the needs of the case. In reply, Plaintiff specifies that he seeks only the complaints and grievances contained in Defendant's personnel file. He further asserts that evidence of prior incidents of misconduct is admissible to show knowledge and whether Defendant's "ongoing history" of deliberate difference continued in this case. Doc. 66 at 3.

To be sure, evidence of prior incidents is relevant to show a supervisor's knowledge of a pattern of constitutional violations and failure to act. *See e.g., Bell v. Lombardi*, 4:14-CV-0027 CEJ, 2015 WL 402084, at *3 (E.D. Mo. Jan. 28, 2015) (compelling production of Department of Corrections reports on uses of force, related injuries, and internal action for excessive force, reasoning, "Evidence obtained from these interrogatories may show a pattern of misconduct relevant to [plaintiff's] claim of deliberate indifference to a substantial risk of abuse. The responses may show [defendant's] notice of and failure to respond to earlier incidents of excessive force and failure to protect."). Here, however, Plaintiff does not solicit the information to establish Defendant's supervisory knowledge of unlawful practices. Rather, he appears to seek the information for purposes of demonstrating Defendant's propensity to act with deliberate indifference. Such evidence is not relevant to Defendant's actions in *this* particular case.

Evidence of other acts may be admissible to provide motive, opportunity, intent,

preparation, planning, knowledge, identity, or absence of mistake, but it is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Plaintiff clearly wishes to offer evidence of prior grievances and lawsuits against Defendant to demonstrate her propensity for deliberate indifference. Doc. 66 at 3. This is not permissible under the Federal Rules of Evidence. Plaintiff has provided no plausible alternative basis on which this evidence would be relevant and admissible, and moreover any remote probative value would be outweighed by prejudicial effect.

Further, as Defendant notes, correctional health care providers are often the subjects of grievances and civil rights lawsuits. Given the unlikelihood that this evidence would be admissible for any reason, or that it could be reasonably calculated to lead to the discovery of admissible evidence, the Court also accepts Defendant's contention that production of such information, even if limited in scope, would be disproportional to the needs of the case and generally unwarranted. Therefore, Plaintiff's motion to compel answers to Interrogatories 16 and 19 will be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel with respect to Interrogatories 11 through 14 is substantially **DENIED**, without prejudice to filing a motion to compel Advanced Correctional Healthcare to produce documents requested by subpoena. Defendant shall attempt to determine whether any responsive documents have been or fairly

should be produced pursuant to the subpoena to ACH and shall file a status report within 30 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel Interrogatories 16 and 19 is **DENIED**. Doc. 63.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July 2022.